UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JANE DOE, a Pseudonym<br>    Plaintiff, | §<br>§<br>§ | |
| v. | § | CIVIL ACTION NO. 5:22-cv-449 |
| | § | |
| SAN ANTONIO INDEPENDENT SCHOOL<br>DISTRICT<br>    Defendant. | §<br>§<br>§<br>§ | |

### PLAINTIFF'S COMPLAINT

Plaintiff, Jane Doe, a Pseudonym ("Plaintiff") hereby files her Complaint against the San Antonio Independent School District ("Defendant"), as follows:

### I. PARTIES

1. Plaintiff is an adult individual who resides in Bexar County, Texas. Plaintiff was the victim of sexual abuse when she was a minor as more specifically discussed herein. Plaintiff has filed her Complaint under pseudonym to proceed anonymously given the extremely sensitive nature of the matters alleged herein and to protect her from further mental anguish, emotional distress, personal humiliation, and reputational harm as well as potential ridicule and harassment. Defendant is fully aware of Plaintiff's true identity and will not be prejudiced in any way by use of the pseudonym in publicly available filings and Court records. Contemporaneously with this Complaint, Plaintiff is filing her Motion to Proceed Under Pseudonym.

2. Defendant, San Antonio Independent School District ("SAISD"), is a governmental entity established under the laws of the State of Texas and a political subdivision located in Bexar County, Texas. SAISD may be served with process by serving Christina Martinez (President of SAISD's Board of Trustees) or Dr. Jaime Aquino (SAISD's Superintendent) at 514 W. Quincy St., San Antonio, Texas 78212, or wherever they may be found.

## II. JURISDICTION AND VENUE

3. Subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 because Plaintiff's claim arises under federal law.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the Western District of Texas, San Antonio Division, is the judicial district in which Defendant resides and a substantial part of the events giving rise to Plaintiff's claim occurred.

## III. CONDITIONS PRECEDENT

5. All conditions precedent to Plaintiff's recovery have been performed, have occurred, or have been waived.

## IV. FACTS

6. Sidney Lanier High School ("Lanier HS") is a public school of SAISD located in the westside of San Antonio, Texas. In 2019, when she was 16 years old, Plaintiff attended Lanier HS as a junior student, and she was a member of the school's softball team. During that time, Jose Eduardo Hernandez ("Mr. Hernandez") was a teacher and coach at Lanier HS, Laura Cooper ("Ms. Cooper") was the Principal of Lanier HS, and John Hilliard ("Mr. Hilliard") was the Associate Principal of Lanier HS. At all times relevant to this action, Mr. Hernandez was an employee of SAISD, and Ms. Cooper and Mr. Hilliard were SAISD officials with supervising authority over Mr. Hernandez.

7. While attending Lanier HS, Plaintiff encountered Mr. Hernandez on school grounds and at school-related activities. In particular, Mr. Hernandez was the head softball coach, and Plaintiff was one of the players on the softball team. With these encounters, Mr. Hernandez abused his position as a teacher and coach to befriend Plaintiff, gain her trust, and take advantage of her. Specifically, Mr. Hernandez groomed Plaintiff with compliments, flirtatious actions, and special treatment to seduce and coerce her into having a sexual relationship with him both on and off campus and during and after

school hours. In doing so, Mr. Hernandez sexually harassed, assaulted, and raped Plaintiff on numerous occasions from about January 2019 to September 2019.

8. On multiple occasions, other teachers, coaches, and students observed incidents of Mr. Hernandez's sexual harassment of Plaintiff and suspected he was having or attempting to have a sexual relationship with her, and such incidents and suspicions were reported to school officials at Lanier HS. In response, Ms. Cooper and Mr. Hilliard held a brief meeting with Mr. Hernandez and Plaintiff to ask about their relationship and whether they ever met outside of school. Prior to this meeting, Mr. Hernandez directed Plaintiff to protect him and deny everything, with threats that he would take her out of state, and she would never see her family again. At the meeting, Mr. Hernandez and Plaintiff denied having an inappropriate relationship or ever meeting outside of school. Based on these denials, Ms. Cooper and Mr. Hilliard disregarded the reported incidents and suspicions.

9. Despite having actual notice, Ms. Cooper and Mr. Hilliard did not investigate the reported incidents and suspicions regarding Mr. Hernandez's egregious conduct towards Plaintiff, and despite having supervisory authority, Ms. Cooper and Mr. Hilliard did not take any steps to prevent Mr. Hernandez from having any contact with Plaintiff. Ms. Cooper and Mr. Hilliard also did not report the alleged or suspected sexual abuse of Plaintiff to law enforcement, the Department of Family and Protective Services, or any other government agency, as required under Chapter 261 of the Texas Family Code. Moreover, Ms. Cooper and Mr. Hilliard did not even notify Plaintiff's parents about the reported incidents and suspicions or their meeting with Mr. Hernandez and Plaintiff regarding same. Instead, Ms. Cooper and/or Mr. Hilliard instructed other teachers, coaches, and/or staff to not discuss—and to prevent other students from talking about—any such incidents or suspicions regarding Mr. Hernandez and Plaintiff. As a result of such conscious indifference, Mr. Hernandez was enabled to sexually harass, assault, and rape Plaintiff in connection with his position

as a teacher and coach at Lanier HS.

10. Mr. Hernandez's egregious conduct not only had a detrimental effect on Plaintiff's physical, mental, and emotional well-being, but also deprived Plaintiff of access to educational benefits and opportunities provided by Lanier HS. For example, Mr. Hernandez exercised his undue influence over Plaintiff to have her skip classes and spend time with him in his classroom or leave campus to have sex with him at a local motel. As a result, Plaintiff had many class absences, her grades suffered, and she was denied a class credit. Moreover, Plaintiff missed out on participating in extracurricular activities to leave campus and have sex with Mr. Hernandez.

## V. TITLE IX CLAIM FOR RELIEF

11. Plaintiff re-alleges and incorporates by reference all allegations in the preceding paragraphs as if fully stated here.

12. At all times relevant to this action, Defendant received federal funds for the education of students, including Plaintiff, and was subject to compliance with Title IX of the Education Amendments of 1972 ("Title IX"), 86 Stat. 373, as amended, 20 U.S.C. § 1681 *et seq.* For purposes of Title IX, Defendant acted through its agents, Ms. Cooper and Mr. Hilliard, who were the Principal and Associate Principal at Lanier HS with supervising authority over Mr. Hernandez to institute corrective measures on Defendant's behalf. By and through its agents, Defendant had actual knowledge of Mr. Hernandez's sexual misconduct towards Plaintiff and responded with deliberate indifference. Defendant's inadequate response constitutes a violation of Title IX for which it is liable to Plaintiff for the damages described in this Complaint.

## VI. DAMAGES

13. As a result of Defendants' conduct described in this Complaint, Plaintiff has been caused to suffer physical injury, pain and suffering in the past and future, mental anguish in the past

and future, severe emotional distress in the past and future, personal humiliation, reputational harm, and loss of educational benefits and opportunities, and Plaintiff will likely incur future expenses for medical, psychological, and/or emotional treatment.

## VII. LITIGATION COSTS

14. As a result of Defendants' conduct described in this Complaint, Plaintiff has been forced to retain her attorneys to prosecute this action and has agreed to pay reasonable attorneys' fees and related expenses, including any expert fees. Plaintiff is entitled to recover such litigation costs pursuant to 42 U.S.C. §§ 1988(b)–(c).

## VIII. TOLLING OF LIMITATIONS

15. Plaintiff's claim accrued when she was a minor. Under Texas law, Plaintiff's claim was tolled until she reached the age of majority. Plaintiff reached the age of majority within two years of the date when this Complaint was filed. Therefore, this action has been timely filed to the extent any two-year statute of limitations applies to Plaintiff's claim.

## IX. JURY DEMAND

16. Plaintiff demands a trial by jury.

## X. PRAYER

For the above reasons, Plaintiff prays that the Court renders judgment in favor of Plaintiff and against Defendants to recover such sums as would justly compensate Plaintiff for the damages described herein, reasonable attorneys' fees, court costs, any expert expenses, prejudgment interest, postjudgment interest, and such other and further relief, general and special, at law or in equity, as Plaintiff may show herself to be justly entitled.

Respectfully submitted,

**A NAVA & GLANDER LAW FIRM**
13409 NW Military Highway, Suite 300
San Antonio, Texas 78231
Phone: (210) 305-4220
Fax: (201) 305-4219
serveone@anglawfirm.com
anava@anglawfirm.com
bkray@anglawfirm.com

By: */s/ M. Alex Nava*
M. ALEX NAVA
State Bar No. 24046510
BERNIE R. KRAY
State Bar No. 24078803

**ATTORNEYS FOR PLAINTIFF**

/ActiveFiles/40268.0001 - Jane Doe v Hernandez et al/7. Court Filing/Petitions/Complaint.pdf